PEOPLE *v.* WELLS.

1. MASTER AND SERVANT—LABOR LAWS—CRIMINAL LAW—STATUTES— CONSTRUCTION.

One accused of failing to comply with 2 Comp. Laws 1915, § 5345, requiring employers to furnish seats to female employees in certain occupations, is entitled to any reasonable doubt as to construction of statute, where it does not plainly cover case.

2. SAME—FURNISHING SEATS TO FEMALE ELEVATOR OPERATORS.

2 Comp. Laws 1915, § 5345, requiring persons employing females in stores, shops, offices, or manufactories as clerks, assistants, operators, or helpers in any business, trade, or occupation carried on or operated by them to furnish seats to such female employees, does not cover employment of female operators in elevators, and therefore failure to furnish seats to them is not violation of statute.

Error to Recorder's Court of Detroit; Jeffries (Edward J.), J.   Submitted October 17, 1929. (Docket No. 144, Calendar No. 34,296.)   Decided December 3, 1929.

Carl S. Wells was convicted of violating the provisions of 2 Comp. Laws 1915, § 5345, requiring employers of females in certain places to provide seats for such females.   Reversed and defendant discharged.

*Miller, Canfield, Paddock & Stone,* for appellant.

*Wilber M. Brucker,* Attorney General, *James E. Chenot,* Prosecuting Attorney, and *V. E. Crossley,* Assistant Prosecuting Attorney, for the people.

Potter, J.   Defendant, president of Homer Warren & Company, manager of the Eaton Tower, was arrested and convicted of not having complied with the order of two inspectors of the department of labor requiring him to furnish stools or seats in the elevator cabs for female operators thereof.   The statute under which defendant was convicted provides that all persons who employ females in stores, shops, offices, or manufactories as clerks, assistants, operators, or helpers in any business, trade, or occupation carried on or operated by them shall be required to procure and provide proper and suitable seats, etc.   2 Comp. Laws 1915, § 5345.   Subsequent sections provide for the punishment of those who fail to comply with the statute.   The most casual reading of the statute indicates it does not cover a case of this kind.   Defendant was not employing females in a store as clerks or otherwise; he was not operating a shop; he was not operating a manufacturing institution; and he was not employing these

girls in an office. If the legislature desires to have girls employed in elevators covered by the statute, it may be amended; but the defendant is entitled to any reasonable doubt as to the construction of the statute.

Where the statute does not plainly cover the case, judgment must be reversed, and defendant discharged.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.